**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**WILLIE J. ANDERSON**                                                                               **PLAINTIFF**

v.                                         **CASE NO: 3:14CV00142 BSM**

**ROBERTS MCNUTT ROOFING
AND WATERPROOFING et al.**                                                            **DEFENDANTS**

## ORDER

The City of Trumann's unopposed motion to dismiss [Doc. No. 33] is granted and plaintiff Willie Anderson's amended complaint against it is dismissed with prejudice.

### I.   BACKGROUND

Viewing the record in the light most favorable to Anderson, the non-moving party, the facts are as follows. Anderson was employed by Roberts McNutt Roofing and Waterproofing, which contracted with the city to repair the roof on one of its buildings. McNutt terminated Anderson during the time it was repairing the city's roof and Anderson timely filed a charge with the Equal Employment Opportunity Commission. After receiving a notice of dismissal and right to sue letter, Anderson filed this Title VII lawsuit against McNutt and the city.

### II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When ruling on a motion to dismiss, materials embraced by the

pleadings, as well as exhibits attached to the pleadings and matters of public record, may be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). *Pro se* civil rights complaints are ordinarily accorded a liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *Ailshire v. Darnell*, 508 F.2d 526 (8th Cir. 1974).

### III.  DISCUSSION

The city's motion to dismiss is granted because it was not Anderson's employer. *Eaton v. WCA Waste Corp.*, 585 F. App'x 915 (8th Cir. 2014)(Only employers are liable under Title VII). Even if the amended complaint is liberally construed, nothing indicates the city was his employer. *See* 42 U.S.C. § 2000e(b) & (f)(defining employer and employee under Title VII). The only reference to the city in Anderson's amended complaint is the allegation that "according to the mayor's secretary, he was suspended" because of false accusations.

### IV.  CONCLUSION

The city's motion to dismiss [Doc. No. 33] is therefore granted and the claims against it are dismissed with prejudice. The clerk is directed to terminate the city as a defendant.

IT IS SO ORDERED this 13th day of March 2015.

_____
UNITED STATES DISTRICT JUDGE